IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA B. ARMSTRONG,<br>    ID # 55433-177,<br>        Movant, | §<br>§<br>§<br>§ | <br><br><br>No. 3:22-CV-914-M-BK |
| v. | §<br>§ | No. 3:17-CR-103-M(4) |
| UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 24, 2022 (doc. 5), is **DENIED** with prejudice.

### I.  BACKGROUND

Patricia B. Armstrong (Movant) challenges her federal sentence in Cause No. 3:17-CR-103-M(4). The respondent is the United States of America (Government).

**A.  Conviction and Sentencing**

A grand jury returned a fifteen-count indictment against sixteen defendants charging Movant with one count of conspiracy to commit health care fraud (Count One), two counts of health care fraud (Counts Five and Twelve), and two counts of unlawful distribution of a controlled substance (Counts Fourteen and Fifteen). (*See* doc. 1.)[1] On November 1, 2018, she pled guilty to Count One of the indictment under a plea agreement. (*See* docs. 474, 478.)

In her plea agreement, Movant agreed that she understood the nature and elements of the crime to which she was pleading guilty, and that the factual resume she signed was true and would

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:17-CR-103-M(4).

be submitted as evidence. (*See* doc. 474 at 1.)  The plea agreement set out the maximum penalties for Count One; it stated that Movant had reviewed the federal sentencing guidelines with counsel and she understood her sentence would be imposed by the court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See id.* at 2-3.) She understood that the court had sole discretion to impose the sentence. (*See id.* at 3.) She agreed the guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement; there were no guarantees or promises from anyone about what sentence the court would impose. (*See id.* at 6.)

At her re-arraignment on November 1, 2018, Movant affirmed she had read in their entirety and understood the plea agreement, plea agreement supplement, and factual resume and had discussed them in detail with counsel before she signed them, she understood and had committed each of the essential elements of Count One, and the facts stated in her factual resume were true and correct. (*See* doc. 1465 at 17-21, 26-27.) She also affirmed she had discussed with counsel how the advisory sentencing guidelines might apply in her case, and she understood the court would decide her sentence on the basis of facts heard in court, and for that reason, she should never depend on any statement or promise by anyone as to what penalty the court would assess against her; she also understood the court was not bound by facts stipulated by the parties in determining her sentence. (*See id.* at 11-14.) She affirmed that all the terms of her agreement with the Government were set forth in the plea documents and that no one had made any promise or assurance to her of any kind in an effort to induce her to plead guilty or had attempted to force her to plead guilty. (*See id.* at 23.) She acknowledged that by pleading guilty, she was facing a period of imprisonment not to exceed 10 years. (*See id.* at 24-25.) She pled guilty to Count One, and the

court found that her guilty plea was knowing and voluntary. (*See id.* at 25; docs. 480, 522.)

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR) and a subsequent addendum to it. (*See* docs. 568-1, 1222-1.) Based on a total offense level of 37 and a criminal history category of I, the PSR addendum calculated a guideline imprisonment range of 210 to 262 months. (*See id.* at ¶¶ 72, 123.) Because 120 months was the statutory maximum sentence for Count One, it became the guideline imprisonment range. (*See id.* at ¶ 123.) At Movant's sentencing hearing, the court granted in part the Government's motion for a downward departure from the guideline imprisonment range. (*See* doc. 1230; doc. 1264 at 4-5, 14.) By judgment dated September 28, 2021, the court imposed a sentence of 84 months' imprisonment, to be followed by three years of supervised release. (*See* doc. 1246 at 1-3.) It also ordered Movant to pay restitution in the amount of $23,454,085.88, jointly and severally with several of her co-defendants. (*See id.* at 5.) Movant did not appeal.

**B.    Substantive Claims**

In her amended § 2255 motion, Movant asserts the following grounds for relief: (1) "denial of effective assistance of counsel"; and (2) she "did not understand the nature of the charge & the consequences of the plea." (No. 3:22-CV-914-M-BK, doc. 5 at 7.) The Government filed a response on August 24, 2022. (*See id.*, doc. 10.) Movant filed replies on September 23, 2022 and October 25, 2022. (*See id.*, docs. 12, 14.)

## II.    SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of

constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

In her first ground, Movant alleges several bases of ineffective assistance of counsel. (*See* No. 3:22-CV-914-M-BK, doc. 5 at 7, 11-13.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at

694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A.    **Sentence Exposure**

Movant contends that counsel was ineffective because of his alleged representations regarding Movant's sentence exposure. (*See* No. 3:22-CV-914-M-BK, doc. 5 at 11.) Movant alleges that counsel initially told her "that with no prior history the most I would receive is 'A year and a day,'" and later "stated that we may only get probation because the 5 years of pre-trial supervision could be taken into consideration." (*Id.*) She further alleges that "[p]rior to sentencing, [counsel] stated according to 'guidelines,' . . . the maximum sentence would be 4 years, but he expected it to be on the lower side of that." (*Id.*) She states she "was absolutely shocked and devastated to receive 84 months–7 years," and argues that if she "would've known I was looking at so much time, I would've went to trial to defend myself like Tammie Little, the other triage did, who received a lot less time." (*Id.*)

Even assuming for purposes of this motion only that counsel rendered deficient performance in estimating Movant's sentence exposure as alleged, Movant must also show resulting prejudice under *Strickland*. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

5

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, No. 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007).

Here, Movant was advised through the plea documents and by the court in person that by pleading guilty, she was subjecting herself to a statutory maximum period of imprisonment of 10 years on Count One. (*See* doc. 474 at 2; doc. 1465 at 24-25.) She also was advised through the plea documents and at her re-arraignment that her sentence would be imposed after the court's consideration of the advisory sentencing guidelines. (*See* doc. 474 at 3; doc. 1465 at 12-14.) She agreed that there were no guarantees or promises from anyone about what sentence the court would impose, and she affirmed under oath that no promise or assurance of any kind, aside from the written plea documents, had been made to her to induce her to plead guilty. (*See* doc. 474 at 6; doc. 1465 at 23.)

Regardless of what counsel told her about her likely sentence, Movant cannot show resulting prejudice under *Strickland* because her plea documents and responses under oath to the court's questioning show that she was clearly informed about and understood her maximum sentence exposure of 10 years' imprisonment when she pled guilty under the plea agreement. Additionally, to the extent she alleges she would not have pled guilty if not for counsel's alleged representations about her sentence exposure, a court should not "upset a plea solely because of *post hoc* assertions from a defendant about how [s]he would have pleaded but for [her] attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that the movant "must substantiate any preference to proceed to trial—if he had

been properly advised on the sentence he was facing—with 'contemporaneous evidence,' not post hoc assertions."). Movant provides only conclusory and *post hoc* allegations of prejudice, which are insufficient to show a reasonable probability that the result of the proceedings would have been different, i.e., that she would have rejected the plea agreement and insisted on proceeding to trial. Movant has failed to satisfy her burden under *Strickland*, and she is not entitled to § 2255 relief on her claim.

Further, to the extent her claim can be liberally construed to argue that counsel promised she would receive a specific sentence, Movant has not demonstrated entitlement to any relief. The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that her attorney made alleged promises to her, even though inconsistent with representations she made in court when entering her plea. A movant is entitled to an evidentiary hearing if she presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes,* 132 F.3d at 1110 (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* When the movant's "showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in light of other evidence in the record," however, the court may dispense with her allegations without an evidentiary hearing. *Id.*

Here, Movant's allegations do not provide evidence of the exact terms of any alleged promise that caused her to plead guilty, or of exactly where and when counsel made any such promise. Additionally, although Movant attaches several third-party affidavits to her reply to support her claim, only one affiant indicated he was an eyewitness to any arguable promise by

7

counsel about Movant's sentence. (*See* No. 3:22-CV-914-M-BK, doc. 14 at 10-14,) This affiant testified that he was with Movant when she had counsel on speakerphone during a call in August or September 2021 in which counsel explained to Movant "that she would only be looking at 4 years worst case scenario. (*Id.*, doc. 14 at 13.) Based on the affiant's own testimony, the exchange took place nearly three years after Movant pled guilty, which necessarily fails to show that she pled guilty years prior based on this alleged promise. Accordingly, Movant is not entitled to § 2255 relief on this additional basis.

Movant's claim is denied.

**B.     Evidence and Meetings**

Movant contends counsel was ineffective because "[t]he 7lb [sic] of evidence given to the court was never shown to me by [counsel] nor did I have access to view this evidence." (No. 3:22-CV-914-M-BK, doc. 5 at 11.) She argues that she "couldn't adequately defend myself not having the evidence," and that counsel stated "he flipped through some [of the evidence], but it was a lot of information he didn't get to." (*Id.*, doc. 5 at 11-12.) She also contends that counsel "did not attend 2 of the 3 meetings I had with the FBI," even though he told her he would either meet her there or send someone in his place. (*Id.*, doc. 5 at 12; *see also id.*, doc. 14 at 7-8.)

Movant fails to allege any facts or evidence showing how counsel's alleged failure to show or provide her access to "[t]he 7lb [sic] of evidence given to the court," or how his statement at an unspecified point in time that he had flipped through some, but not all, of the evidence prejudiced her defense. (*Id.* doc. 5 at 11.) Aside from generally disputing and denying the underlying facts from her factual resume and the case, she identifies no evidence from the case that would demonstrate a reasonable probability that the result of the proceedings would have been different had counsel shown or provided it to her or further reviewed it. Nor has she alleged how counsel's

alleged failure to attend two meetings she had with the FBI prejudiced her defense. Her allegations that she was "nervous, overwhelmed, and mentally exhausted" in connection with the meetings fail to establish a reasonable probability that the result of the proceedings would have been different had counsel attended the two FBI meetings referenced by Movant. (*Id.*, doc. 5 at 12.)

Because her allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). She is not entitled to § 2255 relief on this claim and it is denied.

**C.     Communication**

Movant next contends that counsel was ineffective because "[t]here was very little successful communication" between her and counsel. (No. 3:22-CV-914-M-BK, doc. 5 at 12.) She alleges that she had to email and text him multiple times before receiving a response, had to sometimes wait weeks for a response, had to search online herself for documents relating to the criminal case, and received less than 10 minutes of preparation from counsel for her sentencing hearing, all of which made her feel that she was not adequately represented. (*See id.*, doc. 5 at 12-13.)

Even if Movant's allegations were sufficient to show deficient performance, she fails to show *Strickland* prejudice. She does not allege, and provides no facts or evidence to show, a reasonable probability that the result of the proceedings would have been different absent counsel's alleged communication deficiencies. Her conclusory allegations of inadequate representation are insufficient to satisfy her burden under *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). The claim is denied.

## IV. INVOLUNTARINESS OF GUILTY PLEA

In her second ground, Movant contends she "did not understand the nature of the charge & the consequences of the plea." (No. 3:22-CV-914-M-BK, doc. 5 at 7.) She asserts that she "felt pressure [from counsel] to accept [a plea] before I even saw evidence as I didn't want more time." (*Id.*, doc. 5 at 14.) She also asserts that she "didn't understand by accepting the plea that the other charges would still be 'considered' at sentencing," and "[t]herefore I didn't even make a statement related to those charges." (*Id.*; *see also id.*, doc. 5 at 16; *id.*, doc. 14 at 6-7.) She alleges that she did not "understand that conspiracy carried a lengthier sentence," or "that I could be sentenced above guidelines, what the factual resume was for, or what a downward departure was." (*Id.*, doc. 14 at 7.) The court construes this claim as a challenge to the voluntariness of her guilty plea.

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). Compliance with the admonishments required under Federal Rule of Criminal Procedure 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at

627; *see also United States v. Vonn*, 535 U.S. 55, 62 (2002) ("Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, the record shows that Movant was advised by the plea documents and the court in person that by pleading guilty, she was subjecting herself to a maximum period of imprisonment of 10 years, that the court alone would decide her sentence after consideration of the sentencing guidelines, which could include or exclude consideration of stipulated facts, and that no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See* doc. 473 at 2-11; doc. 474 at 2-3; doc. 1465 at 11-14, 24-25.) Movant swore in open court that she read and understood everything in her plea documents, including the factual resume, and that she understood the essential elements of the offense, the consequences of pleading guilty, and that her guilty plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; she affirmed that, aside from the written plea documents, no promise or assurance of any kind was made to her to induce her to plead guilty. (*See* doc. 1465 at 11-12, 17-27.) With this knowledge, she went forward with her guilty plea.

Movant has failed to overcome the presumption of verity given to her sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining

whether a plea is entered voluntarily and knowingly). As the court explained, the contemporaneous plea documents and sworn statements in open court show that she was clearly informed about, and understood, her maximum sentence exposure, the sentencing process generally, and the role of the advisory sentencing guidelines when she pled guilty under the plea agreement, and they contradict her assertions that she was pressured into pleading guilty and did not understand the nature of the charge or the consequences of pleading guilty. Her conclusory and self-serving *post hoc* assertions are insufficient to show her plea was involuntary. *See, e.g.*, *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (rejecting challenge to voluntariness of guilty plea where defendant presented "unsupported, after-the-fact, self-serving revisions" contradicting his statements at the Rule 11 plea colloquy); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

To the extent her assertions rely on the merits of any of her ineffective assistance of counsel claims, she has failed to show that she is entitled to relief on those grounds for the reasons explained. Movant has not shown that her guilty plea was involuntary or that she was unaware of the consequences of pleading guilty, and the court accordingly denies this claim.[2]

## V.   EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this court on any of her claims, no evidentiary hearing is required when "the motion and the files and records of the case

---

[2] In her second ground for relief, Movant also alleges that she "feel[s] 7 years was excessive for punishment." (No. 3:22-CV-914-M-BK, doc. 5 at 18.) She provides no arguments or authorities in support of her allegation, and the record shows she was sentenced below her guideline imprisonment range of 120 months to 84 months' imprisonment. (*See* doc. 1222-1 at ¶ 123; doc. 1246 at 2.) Accordingly, to the extent her allegation can be liberally construed to raise a separate claim challenging her sentence as excessive, it is refuted by the record and without merit. She has not shown entitlement to § 2255 on this basis, and the court therefore denies the claim.

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on her § 2255 motion only if she presents 'independent indicia of the likely merit of [her] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of her claims, she has failed to demonstrate she is entitled to an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 24, 2022 (doc. 5), is **DENIED** with prejudice.

SO ORDERED.

SIGNED this 23rd day of April, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

13